## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JAMES MCALPIN** | * | **CIVIL ACTION NO: 2:22-cv-00001** |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **V.** | * | |
| | * | **JUDGE:** |
| | * | |
| **THE PRUDENTIAL INSURANCE** | * | **MAG:** |
| **COMPANY OF AMERICA** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

## COMPLAINT

1.      NOW INTO COURT, comes James McAlpin ("Plaintiff"), who brings this action under the Employee Retirement Income Security Act ("ERISA") against Defendant, The Prudential Insurance Company of America ("Prudential") or ("Defendant"), for benefits payable under an employer-sponsored Accidental Death and Dismemberment ("AD&D") Insurance Plan ("The Plan") sponsored by Plaintiff's former employer Fidelity National Information Services and administered and insured by Prudential.

2.      Defendant has refused to pay spousal AD&D benefits to the Plaintiff due to him for the accidental death of his wife, Angela McAlpin. Mrs. McAlpin died from an accidental drug overdose from a combination of drugs prescribed to her for legitimate medical conditions.

3.      Prudential reviewed claims for benefits under the Plan.

4.      This Complaint challenges Prudential's: a) unreasonable and unlawful denial of spousal AD&D benefits despite the substantial evidence demonstrating the Plaintiff's right to said benefits, b) failure to comply with  ERISA's procedural requirements; and c) failure to provide a reasonable claims procedure that would yield a decision on the merits of the

1

Plaintiff's claim for benefits.

4.      Plaintiff is filing to recover benefits due to him under the Plan, to enforce the present rights existing therein, to clarify his rights under the terms of the Plan, and to recover costs, attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5.      This Court has personal  jurisdiction over the Defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship. Venue is proper in this district as Mr. McAlpin is domiciled in this district as of the time of filing of suit.

6.      Plaintiff has standing to bring this action under 29 U.S.C. § 1132(a).

7.      Plaintiff has exhausted administrative remedies, filing two separate appeals of the adverse benefit determination.

8.      The death was ruled an accident by the medical examiner. In its initial denial of benefits, Prudential asserted that the claim was excluded from coverage due to the fact that it appeared from the medical records and toxicology report that Ms. McAlpin had died due to taking more of her medicine than prescribed. Prudential later abandoned this contention on appeal when a report by its toxicologist determined it could not be shown with certainty based on Ms. McAlpin's blood tests that she died due to taking more medicine than was prescribed. However, Prudential upheld the denial on a separate basis, that Ms. McAlpin's death arose from the treatment of a disease. However, when read as a whole, the plan does not support this reading, because the plan distinguishes between accidental deaths due to unprescribed drugs and drugs used as directed by a physician.

9.      The Defendant was motivated by financial conflict of interest when it denied the Plaintiff's claim for benefits.

10.     The decision to deny benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

### FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

11.     Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

12.     The Plan is a contract.

13.     The Plaintiff has performed all of his obligations under the contract.

14.     29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

a.     by a participant or beneficiary –

i.     For the relief provided for in subsection (c) of this section, or

ii.     to recover benefits due to him under the terms of the Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

15.     The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

16.     The Defendant has refused to provide Plaintiff with AD&D benefits as required by the Plan and, therefore, is in breach of the terms of the Plan and ERISA.

### SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

17.     Plaintiffs reallege each of the paragraphs above as if fully set forth herein.

18.     Under the standards applicable to ERISA, Plaintiff deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to ERISA,  § 502(g)(1).

19.     Defendant has the ability to satisfy the award.

20.     Defendant acted in bad faith in denying benefits under the Plan.

21.     The award of attorneys' fees against the Defendant will deter Defendant and similarly-situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## **PRAYER FOR RELIEF**

22.     WHEREFORE, the Plaintiff respectfully prays that the Court:

a.      Declare, adjudge, and decree that the Plaintiff is entitled to spousal AD&D benefits as provided by the Plan;

b.      Award the Plaintiff the full amount of unpaid benefits under the Plan to which he is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c.      Award Plaintiff the costs of this action and reasonable attorneys' fees;

d.      Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738